THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> HECTOR RODRIGUEZ-PENA <br><br> **Defendant.** | **Crim. No. 92-177 (ADC)** |

**OPINION AND ORDER**

Before the Court are defendant Hector Rodríguez-Pena's ("defendant") motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). **ECF Nos. 460, 479, 482.** For the reasons below, defendant's motions are **DENIED**.

**I. Factual Background**

Defendant was convicted of drug and firearms offenses, as well as attempted murder of a federal agent. This Court originally sentenced him to a total of 622 months of imprisonment and five years of supervised release. Included in that sentence was a mandatory 360-month consecutive term for the firearms conviction, based on the Court's finding that a machine gun was involved.

Defendant timely appealed his conviction and sentence, which the Court of Appeals for the First Circuit later affirmed. Defendant then filed a petition for writ of certiorari, but the United States Supreme Court denied his petition. In 2001, Defendant filed, pro se, a motion to vacate his sentence under 28 U.S.C. § 2255 and for a sentence reduction. Both motions were later

denied and dismissed by the Court. In 2006, Defendant asked the Court, once again pro se, for leave to file a second or successive § 2255, which the Court of Appeals for the First Circuit denied. In 2009, Defendant filed a pro se motion for Writ of Audita Querela pursuant to 28 U.S.C. §1651(a) to reduce his sentence on the firearms conviction, which the Court of Appeals for the First Circuit also denied.

However, on February 14, 2016, pursuant to 18 U.S.C. § 3582, USSC Amendment 782, Defendant's sentenced was reduced to a total of 570 months of imprisonment and five years of supervised release. Defendant has served approximately 342 months of imprisonment out of a total sentence of 570 months of imprisonment. Defendant's statutory projected release date is November 25, 2032.

Now, defendant moves for compassionate release asserting that he suffers from certain health conditions that exacerbate his risks in relation with the Covid-19 pandemic. **ECF Nos. 460, 479, 482.** In the alternative, he requests to be placed in home confinement. *Id*.

**II. Legal Standard**

A defendant seeking compassionate release must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). To determine what is "extraordinary and compelling", the Court generally looks to whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate." *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

When extraordinary and compelling reasons are present, the Court must weigh any applicable 18 U.S.C. § 3553(a) factors, and "determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case." *United States v. Ruvalcaba*, 26 F.4th 14, 19 (1st Cir. 2022)(cleaned up); see also 18 U.S.C. § 3582(c)(1)(A). "[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release." *United States v. Texeira-Nieves*, 23 F.4th 48, 55 (1st Cir. 2022).

### III. Discussion

Defendant petitions for compassionate release due to the Covid-19 pandemic.[1] In such cases, the necessary showing of extraordinary and compelling reasons "requires, among other things, 'both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility.'" *United States v. Gandía-Maysonet*, 2021 WL 219191 at *1 (D.P.R. Jan. 21, 2021) (*quoting U.S. v. Harper*, 2020 WL 2046381, at *3 (W. D. Va. 2020)). Here, defendant fails on both prongs.

First, he has failed to demonstrate a particularized susceptibility to the disease. Indeed, while he does suffer from hypertension, obesity and hyperlipidemia,[2] he has been fully

---

[1] The record reflects that defendant has exhausted administrative remedies by submitting to the warden a request for reduction of sentence based on the risks posed by the Covid-19 virus.

[2] Courts have denied compassionate release to other inmates suffering from these conditions. *See U.S. v. Hardy*, 470 F.Supp.3d 61, 62 (D. Mass. 2020) (Denying compassionate release to defendant suffering from "hypertension, gastro-esophageal reflux disease, sleep apnea, and (more concerning) diabetes and asthma"); *U.S. v. Aboshady*, 2020 WL 6828491, *1 (D. Mass. 2020) (Denying compassionate release to defendant suffering from "sleep apnea, hyperlipidemia, hypercholesterolemia and obesity").

vaccinated[3] and been deemed in good health. **ECF No. 479** and **479-15**. *See also United States v. Osorio*, 552 F. Supp. 3d 96, 98 (D. Mass. 2021) ("Courts have routinely denied defendants' motions for compassionate release when they are found to have received the COVID-19 vaccine."). And, his claims that Covid-19 vaccines do not work are contradicted by a wealth of competent medical data.[4]

Second, there is currently a single inmate with Covid-19 at Coleman Low, the facility where defendant is serving his sentence. *See* Federal Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last visited on September 28, 2022). Thus, defendant cannot make a showing that he has a particularized risk of contracting the disease at his prison facility.[5]

Defendant therefore fails to establish that extraordinary and compelling reasons warrant his compassionate release. *See Gandía-Maysonet*, 2021 WL 219191 at *1.

Even if defendant had made the requisite showing, he would nonetheless fail. As the government sets forth in its memorandum in opposition to defendant's petition (**ECF No. 480**), the 18 U.S.C. § 3553(a) factors and the circumstances of defendant's case do not weigh in his favor. See *Ruvalcaba*, 26 F.4th at 19. The Court must note that defendant was convicted of a serious and violent crime that involved shooting a federal agent. Defendant has not

---

[3] Defendants has received two doses of the Moderna Covid-19 vaccine and a booster shot in February, 2022.
[4] To boot, defendant tested positive to the Covid-19 virus in 2020 and was asymptomatic.
[5] Defendant's motion relies on outdated data. Indeed, the risks to defendant have abated significantly since the time he requested compassionate release.

demonstrated under § 3553 why or how he no longer poses a threat to the community. Defendant still has well over ten years of his sentence left to serve. *See United States v. Portway*, 506 F. Supp. 3d 102, 104 (D. Mass. 2020) (considering nature of crime of conviction and length of remaining sentence).

### IV. Conclusion

Based on the above, defendant's motions for compassionate release or home confinement (**ECF Nos. 460, 479, 482**) are **DENIED**.

**SO ORDERED**.

In San Juan, Puerto Rico, on this 28th day of September, 2022.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**